Argued and submitted May 18, 2015, vacated and remanded August 3, 2016

Tanya KENNISON,
*Petitioner-Respondent,*

*v.*

Whitney DYKE,
*Respondent-Appellant,*
*and*

Dray WILLIAMS,
*Respondent below.*

Marion County Circuit Court
14C30151; A157378

376 P3d 301

Tracy A. Prall, Judge.

Lance D. Youd argued the cause and filed the briefs for appellant.

Sara A. Hernandez argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Haselton, Senior Judge.

**EGAN, J.**

Mother appeals from the trial court's judgment granting grandmother's petition for visitation with her child. We conclude that the court failed to make the requisite finding that grandmother rebutted, by clear and convincing evidence, the statutory presumption that mother acted in the best interest of the child when mother denied grandmother visitation with the child. ORS 109.119(3)(b). Accordingly, we vacate the judgment and remand for further proceedings.

ORS 109.119(2)(a) provides that, "[i]n any proceeding under this section, there is a presumption that the legal parent acts in the best interest of the child." However, under ORS 109.119(3)(b),

> "[i]f the court determines that an ongoing personal relationship exists and if the court determines that the presumption described in subsection (2)(a) of this section has been rebutted by clear and convincing evidence, the court shall grant visitation or contact rights to the person having the ongoing personal relationship, if to do so is in the best interest of the child. The court may order temporary visitation or contact rights under this paragraph pending a final order."

An order granting visitation rights must include "findings of fact supporting the rebuttal of the presumption." ORS 109.119(2)(b).

Mother requests that we review *de novo* the trial court's determination that it was in the best interest of the child to allow grandmother visitation rights. However, this is not an exceptional case justifying the exercise of our discretion to review *de novo*. ORAP 5.40(8)(c). Instead, we view the evidence, including all permissible inferences, in the light most favorable to the trial court's conclusion. *Kleinsasser and Lopes*, 265 Or App 195, 198, 333 P3d 1239 (2014).

The facts, viewed in that light, are as follows. Mother is the child's sole legal and custodial guardian. The child's father does not exercise parenting time. Grandmother is the child's paternal grandmother. From the child's birth to age three, grandmother had several supervised day-time visits

with the child. When the child turned three, grandmother began having overnight visits with the child. From January 2013 to June 2013, mother did not permit grandmother to visit the child because she had become concerned about grandmother's behavior. During grandmother's visits with the child, she occasionally smoked and consumed alcohol around the child, brought the child to places without telling mother, introduced the child to people mother did not know, was late in bringing the child home from visits, and posted pictures of the child on social media without mother's consent. When mother expressed her concerns about the social media posts, grandmother said that she would remove the photographs, but then failed to do so. However, grandmother did not post any further photographs of the child on social media.

Mother and grandmother attended counseling from June to July 2013, after which grandmother was permitted to visit with the child. Grandmother had unsupervised visits with the child every four to six weeks, including two overnight visits, until November 2013. Once again, mother became concerned about grandmother's behavior, and suggested that the parties resume counseling. Grandmother was willing to attend counseling sessions, but mother was unable to set up the counseling because it needed to be arranged through grandmother's insurance. Grandmother did not attempt to set up the counseling sessions through her insurance carrier. Grandmother's last visit with the child was in November 2013, after which there was no contact between grandmother and the child. Grandmother attempted to visit the child in December 2013 but canceled the visit when grandmother became sick. Grandmother then filed a petition for visitation rights.

After a hearing, at which both mother and grandmother testified, the court made the following findings of fact in its judgment granting visitation rights to grandmother:

"1. [Grandmother] is the paternal grandmother and [mother] is the biological mother of [the child,] age five. [Father] is the biological father of the child and was previously found in default.

"2. It is in the child's best interest to have contact with both sides of her family.

"3.     [Mother] fostered a relationship between the child and [grandmother]. However, [mother's] desire to return to counseling showed concern in regards to the child's contact with [grandmother]. [Grandmother] violated the agreement that she and [mother] had, when [grandmother] took [the] child to a place [mother] had told her not to. This was a significant violation of the parties' agreement.

"4.     [Mother] was not unreasonable in pulling back [grandmother's] visitation, after [grandmother] failed to follow [mother's] instructions.

"5.     Father does not currently exercise parenting time, and other family members spend time with the child. It would not substantially interfere with [mother's] custodial relationship for [grandmother] to have some visitation with the child.

"6.     It would be unreasonable for [grandmother] to have no visitation.

"7.     [Mother] is willing to continue working on visitation for [grandmother].

"8.     [Grandmother's] failure to follow through with a visit in December 2013 further broke down the relationship between [the] parties and caused disappointment to the child.

"9.     [Grandmother] was willing to follow [mother's] rules about alcohol around the child.

"10.     [Grandmother] is willing to look out for the safety and care of the child."

Mother appeals, arguing that the trial court erred in failing to determine that grandmother rebutted, by clear and convincing evidence, the statutory presumption that mother was acting in the best interest of the child when she denied grandmother's request to see the child after November 2013. She argues that the court was required to make that determination as a predicate to determining whether visitation should be permitted.[1] Grandmother

---

[1] Mother mentions, and we acknowledge, that, after the general judgment was filed, she filed a motion to stay the judgment pending appeal, arguing that the court failed to make the requisite findings under ORS 109.119. In granting mother's motion to stay the judgment, the trial court acknowledged that it had not included the appropriate findings on the record of the proceeding or in the general judgment.

responds that the court's findings were sufficient to support its conclusion that the presumption was rebutted, arguing that its determination that it was in the best interest of the child to allow visitation with grandmother is akin to a determination that mother was not acting in the best interest of the child by not permitting visitation.

We agree with mother that the court must first determine that grandmother rebutted the statutory presumption that mother acted in the best interest of the child before determining whether visitation would be in the best interest of the child. ORS 109.119(3)(b) states: *"If* the court determines that an ongoing personal relationship exists and *if* the court determines that the presumption described in section (2)(a) of this section has been rebutted by clear and convincing evidence, the court shall grant visitation or contact rights to the person having the ongoing relationship, if to do so is in the best interest of the child." (Emphases added.) Under that statute, the court shall grant visitation rights only if it first determines that the legal parent is not acting in the child's best interest. Thus, the court must make findings to support that determination before analyzing whether visitation would be in the best interest of the child. Here, there is no indication that the court determined that grandmother rebutted the statutory presumption. In its written findings in the general judgment of visitation rights, as well as in its oral ruling at the close of the hearing, the court made no mention of the statutory presumption under ORS 109.119. Nor did the court make mention of grandmother's burden to rebut that presumption by clear and convincing evidence.

Grandmother argues that, nonetheless, the court's findings are sufficient to support a determination that mother did not act in the best interest of the child. She argues that the court's determination that visitation is in the best interest of the child necessarily incorporates a finding that mother did not act in the best interest of the child when she refused to allow grandmother visitation. We disagree.

Although the court found that "[i]t would be unreasonable for [grandmother] to have no visitation," and that "[i]t is in the child's best interest to have contact with both

sides of her family," the court also found that mother was not "unreasonable in pulling back [grandmother's] visitation, after [grandmother] failed to follow [mother's] instructions." In its oral ruling, the court explained that mother's decision to disallow visitation with grandmother without further counseling was "a reasonable position for the age of the child." The court also found that mother was willing to allow visitation if grandmother would participate in counseling. The court's emphasis on mother's willingness to engage in counseling permits an inference that it believed mother was, in fact, acting in the child's best interest when she placed conditions on grandmother's visitation with the child. Ultimately, it is unclear whether the court's ruling was based on the determination that grandmother had rebutted, by clear and convincing evidence, the presumption that mother was acting in the child's best interest, or whether the court made its determination without considering the statutory presumption. Thus, the court erred in granting visitation without making the requisite findings under ORS 109.119(2)(b) and (3)(b).

As noted above, the evidence in the record is susceptible to a variety of permissible inferences. Accordingly, we remand the case for the court to determine, in the first instance, whether grandmother rebutted, by clear and convincing evidence, the statutory presumption that mother was not acting in the best interest of the child.

Vacated and remanded.